UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JASON KING,

        Plaintiff,

                              CASE NO.:

v.

CITY OF GAINESVILLE,

        Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JASON KING ("Plaintiff" or "King"), files this Complaint against Defendant, CITY OF GAINESVILLE ("Defendant" or the "City"), for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), the Florida Civil Rights Act of 1992, §760.10 *et seq*. ("FCRA") and 42 U.S.C. §1981 ("§1981"), via 42 U.S.C. §1983 to redress Defendant's racial and religious discrimination against Plaintiff and in support thereof states the following:

### PARTIES, JURISDICTION AND VENUE

1. The Plaintiff, JASON KING, is a resident of Alachua County, Florida at all times pertinent to this matter and is African American.

2. Defendant, CITY OF GAINESVILLE, is a municipality incorporated under Florida law, located in Alachua County, Florida and which maintains and operates its own police department, among other things.

3. Venue is proper in this District because Defendant is located and operates in Alachua County, Florida and Plaintiff's claims accrued in said County.

1

4. This Court has subject matter jurisdiction over the Plaintiff's claims because this action arises under federal laws, Title VII and §1981. Likewise, this Court has pendent jurisdiction over Plaintiff's state claims under the FCRA.

5. Plaintiff was previously employed by the Defendant as a police officer until his illegally motivated termination on or about May 21, 2018.

6. Defendant was at all times relevant hereto an "employer" as defined by Title VII and the FCRA.

7. Plaintiff has performed all conditions precedent necessary to the maintenance of this action, including the timely filing of a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") and receipt of a Notice of Right to Sue (**See Exhibit "A"**).from same with respect to said charge and the timely filing of this action.

## FACTUAL ALLEGATIONS

8. Plaintiff King commenced employment with Defendant as a police officer on or about March 17, 2014.

9. King performed his job duties in a fully satisfactory manner during his employment with Defendant, receiving numerous accolades and recognition for his work on behalf of the City and for the benefit of its citizens.

10. In addition to being engaged in his community as a police officer, King has been very active in the local community for years as a leader, both religiously and with regard to secular matters. As part of that King host forums regarding various societal issues that the African American and other communities face, such as race, religion and faith, education and economic problems.

11. King's religious beliefs are that he identifies himself as an Israelite and follower of Hebrew traditions.

12. In or about May of 2017, King was notified that an Internal Affairs ("IA") investigation had been launched against him by Defendant based upon a Facebook page that King had maintained under an alias Hebrew name. The page did not identify the Plaintiff individually or as a Gainesville Police Officer in any way.

13. The Facebook page contained a number of postings and commentary dealing with race, religious views and faith, as well as other important issues, much of which King did not personally agree but shared in an effort to spur discussion on important topics and open up lines of communication within the community.

14. The complaint underlying the IA investigation implied that such anonymous posts somehow revealed King to be a possible dangerous threat to the community and/or the Police Department itself, including its image, due to his race and/or religious views.

15. After Defendant was unable to identify a single witness to speak poorly of King or that indicated he was a perceived threat or had violated any of Defendant's rules of conduct, the IA investigation was concluded by exonerating the Plaintiff, but with the noted observation that Defendant was in need of developing a social media policy, that steps had been taken to develop same and that Plaintiff was to be verbally counseled by his shift commander.

16. At no point was King told to take down the online page, nor was he ever counseled, verbal or otherwise, about any conduct that he engaged in or on any other problems with the Plaintiff continuing with the anonymous Facebook page.

17. Instead, on February 8, 2018 Defendant initiated a second IA investigation against King, suspending him without warning or notice.

18. On May 21, 2018, Defendant terminated King's employment allegedly based upon the second IA investigation which covered the exact same type of postings for which the Plaintiff had been exonerated the prior year.

19. Defendant's motive in terminating King's employment was his color/race, religion and decision to engage in legally protected speech regarding such related issues.

20. Moreover, Defendant's decision to suspend and ultimately terminate King's employment reflects the disparate manner in which African American Police Officers have consistently been treated by Defendant for years simply because of race and/or color. White officers were consistently treated more favorably in similar situations when compared to African American officers.

21. Defendant's asserted reasons for subjecting Plaintiff to such a discriminatory work environment are pretextual and constitute disparate treatment of Plaintiff motivated by his color, race, as well as religious views.

22. Defendant knew or should have known of the illegal discrimination and work environment that Plaintiff was forced to endure.

23. Plaintiff has been damaged as a direct and proximate result of Defendant's illegal actions.

24. Plaintiffs has been required to retain undersigned counsel to represent him in this matter and has agreed to pay a reasonable fee for said service.

### COUNT I
### DISCRIMINATION BASED UPON RACE/COLOR
### IN VIOLATION OF TITLE VII

25. Plaintiff realleges Paragraphs 1 through 24 as if fully set forth herein.

26. Plaintiff belongs to a protected group (race/color).

27. Plaintiffs was subjected to unwelcome disparate treatment by Defendant based upon race and color when compared to non-African American co-workers.

4

28. Such discriminatory treatment unreasonably interfered with Plaintiff's work environment.

29. Defendant's discrimination of Plaintiff violated Title VII by subjecting Plaintiff to a discriminatory work environment, which had the purpose or effect of altering the terms and conditions of Plaintiff's employment.

30. Plaintiff suffered tangible job detriment by Defendant's pervasive racial discrimination.

31. Defendant is liable for all tangible job detriment suffered by Plaintiff and all racial discrimination engaged in by its supervisory personnel. Defendant is also liable for all other racial discrimination against Plaintiff because Defendant knew or should have known of the racial discrimination against Plaintiff and failed to take prompt remedial action that was reasonably calculated to prevent or end the harassment.

32. Plaintiff has been damaged by the conduct of Defendant.

**WHEREFORE**, Plaintiff requests this Honorable Court to:

A. Enjoin Defendant from engaging in any employment practice violative of Title VII;

B. Grant trial by jury and a judgment requiring Defendant to pay to Plaintiff back pay found to be due and owing at the time of trial, and prejudgment interest thereon;

C. Award Plaintiff compensatory damages;

D. Award Plaintiff front-pay;

E. Grant Plaintiff costs and an award of reasonable attorney's fees under Title VII; and

F. Grant Plaintiff any other relief that this Court deems just and equitable.

**COUNT II**

## DISCRIMINATION BASED UPON RACE/COLOR
## IN VIOLATION OF THE FCRA

33. Plaintiff realleges Paragraphs 1 through 24 as if fully set forth herein.

34. Plaintiff belongs to a protected group (race/color).

35. Plaintiffs was subjected to unwelcome disparate treatment by Defendant based upon race and color when compared to non-African American co-workers.

36. Such discriminatory treatment unreasonably interfered with Plaintiff's work environment.

37. Defendant's discrimination of Plaintiff violated the FCRA by subjecting Plaintiff to a discriminatory work environment, which had the purpose or effect of altering the terms and conditions of Plaintiff's employment.

38. Plaintiff suffered tangible job detriment by Defendant's pervasive racial discrimination.

39. Defendant is liable for all tangible job detriment suffered by Plaintiff and all racial discrimination engaged in by its supervisory personnel. Defendant is also liable for all other racial discrimination against Plaintiff because Defendant knew or should have known of the racial discrimination against Plaintiff and failed to take prompt remedial action that was reasonably calculated to prevent or end the harassment.

40. Plaintiff has been damaged by the conduct of Defendant.

**WHEREFORE**, Plaintiff requests this Honorable Court to:

A. Enjoin Defendant from engaging in any employment practice violative of the FCRA;

B. Grant trial by jury and a judgment requiring Defendant to pay to Plaintiff back pay found to be due and owing at the time of trial, and prejudgment interest thereon;

C. Award Plaintiff compensatory damages;

D. Award Plaintiff front-pay;

E. Grant Plaintiff costs and an award of reasonable attorney's fees under the FCRA; and

F. Grant Plaintiff any other relief that this Court deems just and equitable.

## COUNT III
## DISCRIMINATION BASED UPON RELIGION
## IN VIOLATION OF TITLE VII

41. Plaintiff realleges Paragraphs 1 through 24 as if fully set forth herein.

42. Plaintiff belongs to a protected group (religion) at all times material to this action.

43. Plaintiff was subjected to unwelcome disparate treatment by Defendant based upon his religious beliefs when compared to co-workers who did not share such beliefs.

44. Such discriminatory treatment unreasonably interfered with Plaintiff's work environment.

45. Defendant's discrimination of Plaintiff violated Title VII by subjecting Plaintiff to a discriminatory work environment, which had the purpose or effect of altering the terms and conditions of Plaintiff's employment.

46. Plaintiff suffered tangible job detriment by Defendant's pervasive religious discrimination.

47. Defendant is liable for all tangible job detriment suffered by Plaintiff and all religious discrimination engaged in by its supervisory personnel. Defendant is also liable for all

other religious discrimination against Plaintiff because Defendant knew or should have known of the religious discrimination against Plaintiff and failed to take prompt remedial action that was reasonably calculated to prevent or end the harassment.

48. Plaintiff has been damaged by the conduct of Defendant.

**WHEREFORE**, Plaintiff requests this Honorable Court to:

A. Enjoin Defendant from engaging in any employment practice violative of Title VII;

B. Grant trial by jury and a judgment requiring Defendant to pay to Plaintiff back pay found to be due and owing at the time of trial, and prejudgment interest thereon;

C. Award Plaintiff compensatory damages;

D. Award Plaintiff front-pay;

E. Grant Plaintiff costs and an award of reasonable attorney's fees under Title VII; and

F. Grant Plaintiff any other relief that this Court deems just and equitable.

## COUNT IV
## DISCRIMINATION BASED UPON RELIGION
## IN VIOLATION OF THE FCRA

49. Plaintiff realleges Paragraphs 1 through 24 as if fully set forth herein.

50. Plaintiff belongs to a protected group (religion) at all times material to this action.

51. Plaintiff was subjected to unwelcome disparate treatment by Defendant based upon his religious beliefs when compared to co-workers who did not share such beliefs.

52. Such discriminatory treatment unreasonably interfered with Plaintiff's work environment.

53. Defendant's discrimination of Plaintiff violated the FCRA by subjecting Plaintiff to a discriminatory work environment, which had the purpose or effect of altering the terms and conditions of Plaintiff's employment.

54. Plaintiff suffered tangible job detriment by Defendant's pervasive religious discrimination.

55. Defendant is liable for all tangible job detriment suffered by Plaintiff and all religious discrimination engaged in by its supervisory personnel. Defendant is also liable for all other religious discrimination against Plaintiff because Defendant knew or should have known of the religious discrimination against Plaintiff and failed to take prompt remedial action that was reasonably calculated to prevent or end the harassment.

56. Plaintiff has been damaged by the conduct of Defendant.

**WHEREFORE**, Plaintiff requests this Honorable Court to:

A. Enjoin Defendant from engaging in any employment practice violative of the FCRA;

B. Grant trial by jury and a judgment requiring Defendant to pay to Plaintiff back pay found to be due and owing at the time of trial, and prejudgment interest thereon;

C. Award Plaintiff compensatory damages;

D. Award Plaintiff front-pay;

E. Grant Plaintiff costs and an award of reasonable attorney's fees under the FCRA; and

G. Grant Plaintiff any other relief that this Court deems just and equitable.

## COUNT V
## VIOLATION OF 42 U.S.C. § 1983 BY ENGAGING IN RACE DISCRIMNATION IN CONTRAVENTION OF SECTION 1981

57. Plaintiff realleges Paragraphs 1 through 24 as if fully set forth herein.

58. Plaintiff was discriminated against with respect to the terms, conditions and privileges of employment by Defendant because of his race, including unwarranted investigations, discipline and the termination of his employment, among other things.

59. Defendant's discriminatory conduct was taken under color of state law and in direct violation of Section 1981.

60. Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices.

**WHEREFORE**, Plaintiff requests this Honorable Court to:

A. Enjoin Defendant from engaging in any employment practice violative of Section 1981;

B. Grant trial by jury and a judgment requiring Defendant to pay to Plaintiff back pay found to be due and owing at the time of trial, and prejudgment interest thereon;

C. Award Plaintiff compensatory damages;

D. Award Plaintiff front-pay;

E. Grant Plaintiff costs and an award of reasonable attorney's fees under Section 1981; and

F. Grant Plaintiff any other relief that this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Dated: December 6, 2019.

Respectfully submitted,

**CREED & HALL**

Dennis A. Creed, III, Esq.
Florida Bar No. 0043618
Email: dcreed@creedlawgroup.com
Creed Law Group, PLLC d/b/a
Creed & Hall
13043 West Linebaugh Avenue

Tampa, FL 33626
Telephone: (813) 444-4332
Fax: (813) 441-6121
*Attorney for Plaintiff*


and Co-Counsel:

**TOBIN LAW GROUP, PL**

*/s/ Bradley A. Tobin*
Bradley A. Tobin
Florida Bar No. 0101818
btobin@tobinlawgroup.com
Westchase Commons
13043 West Linebaugh Ave.
Tampa, Florida 33626
Tel: (813) 452-6199
Fax (813) 830-7200
Co-Attorney(s) for Plaintiff.